IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBIN ANDERSON,** | : | CIVIL ACTION NO. 1:12-CV-2173 |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **PENNSYLVANIA STATE POLICE,** *et al.*, | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this 11th day of May, 2015, upon consideration of the report (Doc. 57) of Magistrate Judge Susan E. Schwab, recommending the court grant in part and deny in part defendants' collective motion (Doc. 36) for summary judgment, wherein the magistrate judge opines that plaintiff Robin Anderson ("Anderson") fails to demonstrate a genuine issue of material fact with respect to the bulk of her claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 PA. CONS. STAT. §§ 955(a), *et seq.*, to include her claims for disparate treatment discrimination (Counts I, II), hostile work environment (Counts I, II), and retaliation based on a December 2010 annual employee performance review (Counts III, IV), but further recommends Anderson's Title VII and PHRA claims for retaliation based on performance reviews in April 2011 and April 2012 survive

summary judgment,[1] and that Anderson's PHRA aiding and abetting claim against defendants Janice Brzana and the Pennsylvania State Police be permitted to proceed, based on the partial survival of Anderson's retaliation claims, and the court noting that defendants have objected (Doc. 58)[2] in part to the report, contending that the magistrate judge erred: *first*, in allowing the PHRA aiding and abetting claim to survive summary judgment given Anderson's failure to oppose defendants' motion as to that claim; *second*, in construing Anderson's amended complaint as stating a claim for retaliation based upon employment reviews in April of 2011 and April of 2012, and allowing Anderson to proceed on said claims given defendants' failure to raise same in their Rule 56 motion; and *third*, by considering and refusing to strike Anderson's separate and non-responsive statement of facts in reviewing the instant motion, (see Doc. 58 ¶¶ 2, 4-8, 9), and, having examined the parties' underlying briefs, the magistrate judge's report, and defendants' objections,

---

[1] Counts III and IV of Anderson's amended complaint (Doc. 13) do not state express retaliation claims based upon performance reviews in April of 2011 or 2012. (See id. ¶¶ 105-123). The counts themselves refer only to "an adverse employment action on December 2010, when [defendant Pennsylvania State Police] retaliated against Plaintiff for filing complaints with the EEOC and the State Civil Service Commission." (See id. ¶ 112). Nonetheless, Judge Schwab liberally construed Anderson's retaliation claim as encompassing the 2011 and 2012 performance reviews passively referenced in the factual allegations of Anderson's pleading. Defendants did not read the complaint in this manner, and did not seek summary judgment with respect to these claims. Accordingly, Judge Schwab recommends that the retaliation claims based upon the 2011 and 2012 reviews proceed to trial.

[2] When a party objects to a magistrate judge's report and recommendation, the district court performs a *de novo* review of the contested portions of the report. See Behar v. Pa. Dep't of Trans., 791 F. Supp. 2d 383, 389 (M.D. Pa. 2011) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). The court reviews uncontested portions of the report for "clear error on the face of the record." Cruz v. Chater, 990 F. Supp. 375, 376-78 (M.D. Pa. 1998).

the court being in agreement with defendants that Anderson abandoned her claim for aiding and abetting retaliation by failing to respond to defendants' arguments for summary judgment as to that claim, see Smith v. Lucas, No. 4:05-CV-1747, 2007 WL 1575231, at *9 n.11 (M.D. Pa. May 31, 2007) (holding that plaintiff abandoned her claims by failing to support them in response to a motion for summary judgment); Clarity Software, LLC v. Allianz Life ins. Co. of N. Am., No. 2:04-CV-1441, 2006 WL 2346292, at *5 (W.D. Pa. Aug. 11, 2006) (same); Cacciatore v. Cnty. of Bergen, No. Civ. A. 02-1404, 2005 WL 3588489, at *1 n.1 (D.N.J. Dec. 30, 2005) (same),[3] and the court otherwise holding that Judge Schwab did not err in liberally construing Anderson's complaint to include retaliation claims pertaining to April 2011 and April 2012 performance reviews, or considering Anderson's separate and non-responsive statement of facts in summarizing the record, but the court also recognizing that defendants did not have an opportunity to fully advocate their

---

[3] Rather than taking defendants' objections as a renewed opportunity to support her aiding and abetting claim with record evidence, Anderson instead argues that her nonresponse is justified because defendants "did not properly support their Motion with respect to Plaintiff's aiding and abetting claims." (See Doc. 60 at 11-12). Anderson misapprehends the parties' respective burdens. The Third Circuit has explained that, when a party opposing summary judgment bears the ultimate burden of proof at trial, as here, the movant may discharge its Rule 56 burden "by 'showing'—that is, pointing out to the district court, that there is an absence of evidence to support the nonmoving party's case." UPMC Health Sys. v. Metro. Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). The non-movant must then respond by identifying record evidence which creates a genuine issue of material fact as to that issue or claim. See Childers v. Joseph, 842 F.2d 689, 694-95 (3d Cir. 1988). Defendants satisfied their Rule 56 obligations by asserting that the record is devoid of evidence supporting this claim, arguing that Anderson's theories of liability focus exclusively on *direct* behavior rather than aiding and abetting, and challenging Anderson to point to "any facts in the record" supporting same. (See Doc. 43 at 35-36). Anderson's failure to do so in response to defendants' motion constitutes an abandonment of her aiding and abetting claim.

position with respect to Anderson's retaliation claims as construed by the magistrate judge, and thus concluding that justice compels the court to permit additional Rule 56 filings limited to those claims, it is hereby ORDERED that:

1. The report (Doc. 57) of Magistrate Judge Schwab is ADOPTED to the extent that the report:

    a. Recommends the court grant defendants' motion (Doc. 36) for summary judgment as to Anderson's claims for disparate treatment discrimination, hostile work environment, and retaliation based on her December 2010 employee performance review;

    b. Recommends that Anderson's separate and non-responsive statement of facts be considered in determining the existence of genuine disputes of material fact; and

    c. Finds that defendants' motion (Doc. 36) neither contemplates nor addresses retaliation claims based on Anderson's April 2011 and April 2012 employee performance reviews as those claims are construed by the magistrate judge.

2. The court declines to adopt the report to the extent it recommends denial of defendants' motion (Doc. 36) as to Anderson's PHRA claim for aiding and abetting retaliation.

3. Defendants' motion (Doc. 36) for summary judgment is GRANTED and judgment will be entered in favor of defendants and against Anderson with respect to the following claims:

    a. Counts I and II for disparate treatment discrimination and hostile work environment, in violation of Title VII and the PHRA;

    b. Counts III and IV for retaliation based on Anderson's December 2010 employee performance review, in violation of Title VII and the PHRA; and

    c. Count V for aiding and abetting retaliation, in violation of the PHRA.

4. Entry of judgment pursuant to Paragraph 3 is DEFERRED.

5. Defendants are GRANTED leave to file a renewed Rule 56 motion with respect to Anderson's claims for retaliation based on her April 2011 and April 2012 employee performance reviews as construed by the magistrate judge. Any such motion shall be filed within **fourteen (14) days** of the date of this order.

6. This matter is REMANDED to Magistrate Judge Susan E. Schwab for further pretrial management, including resolution of any motion filed pursuant to Paragraph 5.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania